# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

MARION BAUGH                                                                          PLAINTIFF

V.                      NO. 4:19-CV-00610-BRW-JTR

ANDREW SAUL,
Commissioner of Social Security                              DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

On September 3, 2019, Plaintiff Marion Baugh ("Baugh") filed a *pro se* Complaint seeking review of the denial of disability insurance benefits by the Social Security Administration ("SSA"). *Doc. 2*. While Baugh suggests in her Complaint that, on "August 26, 2019," she received notice that the Commissioner's decision

was final, she does not attach a copy of the "Commissioner's final decision" as the "Pro Se 13 Complaint Form" instructed her to do. *Id.* at 3. Federal courts only have jurisdiction to review *final decisions* by the Commissioner of the SSA. On its face, Baugh's failure to attach a copy of the Commissioner's final decision to her Complaint, as she was required to do, raises questions about whether she has met her burden of demonstrating that the Court has jurisdiction over this action.

A review of the substantive allegations in her *pro se* Complaint confirms that she is *not* appealing from a *final decision* of the Commissioner. According to her own allegations, her claim for Disability Insurance Benefits was denied based solely on a review of her medical records by "Doctors and other trained staff [who] . . . work for the state but used our [SSA] rules." *Id.* at Attachment 1.[1] This admission by Baugh makes it clear that her claim was denied at the *initial determination* level of review.[2]

---

[1] "Social Security disability claims are initially processed through a network of local Social Security Administration field offices and State agencies (usually called Disability Determination Services or DDSs)." https://www.ssa.gov/disability/determination.htm. This "initial determination" by Arkansas DDS is based solely on review of a claimant's medical records, and is the *first step* in the administrative review process.

[2] To properly exhaust administrative remedies, a claimant seeking benefits from the SSA must pursue his or her claims through all four steps in the review process: (1) initial determination; (2) reconsideration; (3) hearing before an ALJ; and (4) Appeals Council review of the ALJ's decision. 20 C.F.R. §§ 404.900(a), 416.1400(a). When a claimant has completed all of these steps, the Commissioner's decision becomes final and subject to judicial review in federal court. 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5).

2

Thus, on the face of her Complaint, Baugh is appealing an "initial decision," at *step one* of the administrative review process, without proceeding to *step two*, "reconsideration"; *step three*, an administrative hearing before an ALJ; and *step four*, an appeal and adverse decision from the Appeals Council, which constitutes the Commissioner's *final decision*.

On November 22, 2019, Respondent filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), along with a supporting Brief.[3] *Doc. 8* (Respondent's Motion and Brief were filed as one docket entry). Respondent argues that, after Baugh's disability claim was denied at the first step of an "initial determination," the SSA sent Baugh a "Notice of Disapproved Claim," dated August 26, 2019. This Notice explained to Baugh that, if she disagreed with the SSA's "initial determination," she should proceed to the *second step* in the administrative review process and "file a Request for Reconsideration of the [SSA's] initial decision denying benefits." *Doc. 8 at 3*.

Instead of following those instructions, about one week later, Baugh initiated this action. Thus, because Baugh failed to obtain a *final decision* from the Commissioner denying her claim for disability, Respondent argues the Court lacks

---

[3] Respondent should be seeking to dismiss Baugh's claim for denial of social security benefits pursuant to Rule 12(b)(1) (lack of subject matter jurisdiction), *not* Rule 12(b)(6). As to Baugh's *Bivens* claim and the False Claims Act claim, which she raises in her amended pleadings, Respondent properly seeks dismissal of those claims pursuant to Rule 12(b)(6).

subject matter jurisdiction over her appeal from an "initial decision" by the SSA that she is not entitled to disability benefits.

On November 25, 2019, Baugh filed an Amended Complaint. In an apparent effort to avoid the dismissal of this action, she makes conclusory and factually unsupported allegations that the SSA's initial determination that she was not entitled to disability benefits violated her constitutional rights under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),[4] and constituted "fraud" in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3729. *Doc. 9 at 3*.[5]

On November 27, 2019, Baugh filed a Response to Respondent's Motion to Dismiss. *Doc. 11*. She does not contest Respondent's assertion that she failed to exhaust administrative remedies before attempting to appeal the initial determination she is not entitled to disability benefits. Instead, she argues the Court has jurisdiction based on the *Bivens* and the FCA claims raised in her Amended Complaint. *Doc. 11 at 3*.

---

[4] Baugh incorrectly attempts to bring this claim under 42 U.S.C. § 1983, which provides a remedy for unconstitutional *state* action, not *federal* action. The Court will nonetheless construe her constitutional claim as being brought under *Bivens*, which allows a plaintiff to recover damages when their federal constitutional rights are violated by federal employees, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials.

[5] In paragraph 1 of her Amended Complaint, Baugh states that, in 2013, she sought disability benefits, but her "claim for SSDI" was denied. *Doc. 12 at 3*.

Finally, on December 20, 2019, Baugh filed a one-paragraph Motion for Summary Judgment, which makes the following nonsensical request for relief under Rule 56(c):

> The plaintiff made recent accommodations in this case to appease the questions at present, of **"*lack of* subject-matter jurisdiction"** consequences, in order to secure a burden of proof in this case against the Defendant. These accommodations have been cited in the **Amendment of the Complaint Civil Procedure Rule15**, filed November 25, 2019. The Plaintiff would like to request a **Motion for Summary Judgment under Civil Procedure Rule 56(c)**.Now that the plaintiff has answered the Defendant request for Dismissal. The plaintiff would like to ask the Court to accept a **Motion of Summary Judgement under Civil Procedure 56(c)**. The Plaintiff believes that the Defendant has not executed any Burden of Proof on Defense.

*Doc. 13* (emphasis in original).

For the reasons explained below, the Court recommends that: (1) Baugh's Complaint, Amended Complaint, and Second Amended Complaint be dismissed, without prejudice; and (2) her Motion for Summary Judgment be denied, as moot.

## II. Discussion

The United States and its agencies, including the SSA, are immune from suit, absent a statute expressly permitting a court to exercise jurisdiction. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The Social Security Act authorizes federal courts to review *final decisions* of the Commissioner of Social Security. 42 U.S.C. § 405(g); 42 U.S.C. § 405(h). SSA regulations define a "final decision" of the Commissioner as an "initial determination" that has been pursued through all

steps of the administrative review process. *See* 20 C.F.R. § 416.1400(a); *Schoolcraft v. Sullivan*, 971 F.2d 81, 84-85 (8th Cir. 1992). Only a *final decision* of the Commissioner can vest a federal court with jurisdiction to consider a claimant's Complaint appealing the Commissioner's denial of benefits. *See Weinberger v. Salfi*, 422 U.S. 749, 766 (1975) ("[A] 'final decision' is a statutorily specified jurisdictional prerequisite."); *see also Rowden v. Warden*, 89 F.3d 536, 537 (8th Cir. 1996) (A plaintiff "may seek judicial review of the Secretary's decision in this case only after a final decision by the Secretary.").

While not contesting the fact that she is appealing from the denial of her disability claim at the *first level of review*, Baugh argues that the holding in *Darby v. Cisneros*, 509 U.S. 137 (1993), relieves her of the obligation to exhaust her administrative remedies. *Doc. 11 at 2*. Baugh's reliance on *Darby* is misplaced. In that case, the Court held exhaustion of administrative remedies, under the Administrative Procedures Act, was *not* required because the relevant statutes and agency rules did *not* specifically mandate exhaustion as a prerequisite to judicial review. *Id.* Here, the Social Security Act and SSA regulations *do mandate* that Baugh exhaust her administrative remedies *before* seeking judicial review.

The entirely conclusory and derivative causes of action Baugh seeks to assert, under *Bivens* and the FCA, fail to state a claim upon which relief may be granted. Her only substantive and factually-supported claim is that the SSA wrongly denied

6

disability benefits, at the initial level of review, without considering some of her medical records.  *Doc. 9 at 3*.  These "new claims," which Baugh raises in her Amended Complaint, are based solely on her speculative, conclusory, and entirely factually unsupported allegations that: (1) the SSA "fraudulently" failed to consider all of her medical records, thereby violating the FCA; and (2) the actions of the SSA, in denying her claim for benefits at the initial level of review, violated her constitutional rights under *Bivens*.

By failing to allege *any facts* to support those nebulous and legally unsupportable causes of action, Baugh has failed to plead viable claims under *Bivens* and the FCA.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for relief); *Renneke v. Astrue*, 276 Fed. Appx. 548 (citing *Heckler v. Ringer*, 466 U.S. 602, 614 (1984) (where the plaintiffs raised procedural claims related to the Secretary's decision to deny payments for surgery, those claims were inextricably intertwined with plaintiffs' claims for benefits; all aspects of claims should be channeled into the administrative process because the relief sought was invalidation of the Secretary's policy and declaration that a particular surgery was reimbursable)).

Thus, the Court lacks subject matter jurisdiction over Baugh's appeal of the initial determination that she is not entitled to disability benefits and her derivative claims under *Bivens* and the FCA fail to state a claim for relief. Accordingly, all of the claims asserted by Baugh in her Complaint and amended pleadings should be dismissed, without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that the Commissioner's Motion to Dismiss (*Doc. 8*) be GRANTED and this case be DISMISSED, without prejudice.

IT IS FURTHER RECOMMENDED that Baugh's Motion for Summary Judgment (*Doc. 13*) be denied as MOOT.

DATED this 10th day of January, 2020.

_____
UNITED STATES MAGISTRATE JUDGE